UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICO L. MITCHELL,

    Plaintiff,

v.                              Case No. 3:22-cv-397-MMH-MCR

MIKE WILLIAMS, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WTHOUT PREJUDICE

Plaintiff Rico L. Mitchell, a Florida inmate housed at Hardee Correctional Institution, initiated this case by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. He names two Defendants – Sheriff Mike Williams and Nurse M.S. Rosado. Id. at 2. Mitchell alleges that on April 4, 2018, while a pretrial detainee at the Duval County Jail, the HVAC system broke, causing a thick mass of black dust and chemical particles to fill Mitchell's cell. Id. at 6. He asserts that he was forced to inhale the chemical dust for thirty minutes, until he "f[e]ll to the floo[r] out of breath and coughing." Id. Mitchell maintains that someone called the fire department and jail officials escorted him to medical for an evaluation. Id. According to Mitchell, once at medical, Defendant Rosado refused to treat him with a breathing machine or provide any medical treatment despite his verbal requests, and

"told [him] nothing [was] wrong with [him]." Id. at 8. He also alleges that Defendant Williams violated his "due process" rights by subjecting him to inadequate living conditions that "violated the care and custody/policy of the J.S.O." Id. at 4. Mitchell contends that because of Defendants' actions, he has trouble breathing, suffers from chest pains, and has been receiving cancer screenings for the past three years. Id. at 8.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations

2

respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Mitchell's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Mitchell alleges that Defendant Rosado acted with deliberate indifference when she failed to treat him with a "breathing machine."[1] But deliberate indifference requires "three components: (1) subjective knowledge of

---

[1] Because Mitchell was a pretrial detainee at the time of the alleged events, the Fourteenth Amendment applies to his claim of deliberate indifference.

3

a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citations omitted); see Patel v. Lanier Cnty., 969 F.3d 1173, 1188-89 & n.10 (11th Cir. 2020) (recognizing "a tension within [Eleventh Circuit] precedent regarding the minimum standard for culpability under the deliberate-indifference standard," as some cases have used "more than gross negligence" while others have used "more than mere negligence"; finding, however, that it may be "a distinction without a difference" because "no matter how serious the negligence, conduct that can't fairly be characterized as reckless won't meet the Supreme Court's standard" (citations omitted)).

Of import, after the HVAC malfunctioned, jail personnel removed Mitchell from his cell and allowed him to seek a medical evaluation. During that evaluation, Rosado determined that "nothing [was] wrong with [him]." To that end, Mitchell has failed to allege facts suggesting that Rosado knew of a substantial risk of serious harm and disregarded that risk. See Doc. 1 at 8. Indeed, Mitchell has not sufficiently alleged that Rosado's response to his medical condition (being out of breath and coughing) was so inadequate as to constitute unnecessary and wanton infliction of pain rather than an act of negligence. Mitchell may have disagreed with Rosado's medical opinion, but that disagreement does not equate to a constitutional violation.

As to Defendant Williams, Mitchell appears to sue Williams based on supervisor liability. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of <u>respondeat superior</u> or vicarious liability." <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." <u>Id.</u> Supervisor liability arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." <u>Mathews v. Crosby</u>, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotation marks and citation omitted).

> The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Alternatively, the causal connection may be established when a supervisor's "custom or policy . . . result[s] in deliberate indifference to constitutional rights" or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

<u>Cottone</u>, 326 F.3d at 1360 (internal citations omitted).

Mitchell does not allege that Williams personally participated in the alleged denial of his constitutional rights. He only asserts that Williams subjected him to unconstitutional living conditions because Mitchell was housed at the jail when the HVAC broke. Mitchell has not alleged that the jail has "a history of widespread abuse" putting Williams on notice of the need to correct Mitchell's alleged constitutional violation, but Williams failed to do so. See id. Nor does Mitchell identify a policy or custom that caused the alleged constitutional violation. Rather, he alleges that the jail has a policy to maintain adequate and safe housing for detainees and the quality of Mitchell's living conditions was in contravention to that policy. Doc. 1 at 4. Thus, Mitchell has failed to allege a causal connection between any action or inaction of Williams and a violation of his constitutional rights. See Twombly, 550 U.S. at 570; Harvey, 296 F. App'x at 826.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of April, 2022.

MARCIA MORALES HOWARD
United States District Judge

Jax-7
C:   Rico L. Mitchell, #J01049